**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Evonik Degussa GmbH, | Civil Action No. 09-cv-636 (NLH-JS) |
| Plaintiff, | CONSOLIDATED |
| v. | **OPINION** |
| Materia Inc., et al., | |
| Defendants. | |

| |
|---|
| Materia Inc., |
| Counterclaim Plaintiff, |
| and |
| University of New Orleans Foundation, |
| Third-Party Plaintiff, |
| v. |
| Evonik Degussa GmbH., |
| Counterclaim and Third-Party Defendant. |

**APPEARANCES:**

Daniel Christopher Mulveny
Alan Richard Silverstein
Bindu Ann George Palapura
Brian R. Lemon
Claudia Schultze
Daniel J. Harbison
Eric James Evain
Jeffrey B. Bove
R. Eric Hutz
Rudolf E. Hutz
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
  *Attorneys for Plaintiff Evonik Degussa GmbH*

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
  *Attorneys for Defendant Materia Inc., Third Party Plaintiff The University of New Orleans Foundation and Counter Claimant Materia Inc.*

Aaron M. Raphael
aaron.raphael@jalindeman.com
*PRO HAC VICE*
  *Attorney for Defendant Materia Inc. and Counter Claimant Materia Inc.*

Jeffrey A. Lindeman
jeff.lindeman@jalindeman.com
*PRO HAC VICE*
  *Attorney for Defendant Materia Inc. and Counter Claimant Materia Inc.*

Michael F. Orman
morman@nixonpeabody.com
*PRO HAC VICE*
  *Attorney for Defendant Materia Inc. and Counter Claimant Materia Inc.*

Daniel Christopher Mulveny
Alan Richard Silverstein
Bindu Ann George Palapura
Claudia Schultze
Eric James Evain
Jeffrey B. Bove
Rudolf E. Hutz
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
     *Attorneys for Third Party Defendant Evonik Degussa GmbH and Counter Defendant Evonik Degussa GmbH*

**HILLMAN, District Judge**

In this case, a consolidated patent infringement action, Plaintiff Evonik Degussa GmbH (hereinafter "Evonik") alleges Defendant Materia Inc. (hereinafter "Materia") willfully infringes U.S. Patent Nos. 7,378,528 (hereinafter "'528") and 7,652,145 (hereinafter "'145"). In response, Materia alleges Evonik's patents are unenforceable because of inequitable conduct. Third Party Plaintiff, the University of New Orleans Foundation (hereinafter "the Foundation") joins Materia and counterclaims that Evonik willfully infringes the Foundations U.S. Patent No. 7,622,590.

Presently before the Court is Evonik's partial appeal of the March 18, 2011 Order entered by the Honorable Joel S. Schneider, U.S.M.J. This Order granted in part and denied in part Materia and the Foundation's request for the production of several of Evonik's privileged documents. For the reasons discussed below, Magistrate Judge Schneider's Order will be affirmed.

**I. BACKGROUND**

In connection with the prosecution of its '528 and '145 patents, Evonik's patent counsel sent four "transmittal letters"[1] (hereinafter "letters") to Evonik advising it of its duty of candor to the United States Patent and Trademark Office (hereinafter "USPTO").[2] During the course of discovery, Evonik produced these four letters. Approximately six months later, during the deposition of Evonik's patent attorney Ashley Pezzner (hereinafter "Mr. Pezzner"), Materia marked the letters as exhibits, and asked Evonik's counsel whether they were inadvertently produced. Counsel responded affirmatively, and asserted the attorney-client privilege. Several weeks later, however, Evonik concluded that the letters were not privileged. Viewing the letters as privileged and their initial disclosure as waiver, Materia requested that Judge Schneider order Evonik to produce the letters and all communications between Mr. Pezzner and the other attorneys involved in the prosecution of patents '528 and '145.

On March 17, 2011, Judge Schneider heard oral argument on Materia's request. Evonik contended it did not waive its attorney-client privilege because the letters did not provide any

---

[1] Transmittal letters are cover letters sent from an attorney to his client that enclose communications the lawyer received from the United States Patent and Trademark Office.

[2] These letters were dated February 16, 2005, July 11, 2007, July 30, 2007, and January 11, 2008.

4

legal advice they were form letters that contained general statements of the law. Accordingly, their disclosure did not constitute a waiver of privilege because the letters were never privileged. After the conclusion of argument, however, Judge Schneider determined that despite Evonik's characterization of the letters as form, they "are, in fact, privileged communications" because they contain "legal advice and satisfy the criteria of attorney/client communications." Doc. 269, Tr. 54. Although he denied Materia's request for a broader waiver, Judge Schneider held that Evonik partially waived its attorney-client privilege with respect to all communications received from its counsel concerning general disclosure instructions in connection with the prosecution of '528 and '145 patents. *See* id. at 56-57 ("[G]iven the general nature of the communication that were disclosed, yes, they were privileged, but they were of a general type of instruction, not regarding specific references. The Court does not believe that it needs to order any broader waiver of the attorney/client privilege in order to prevent any unfairness to the defendants in this case"). Evonik partially appeals this Order and contends that the letters were not privileged communications because they were merely form letters sent by counsel.[3]

---

[3] Evonik concedes that if the Court deems the letters privileged, the scope of the waiver decided by Judge Schneider is proper.

5

## II. DISCUSSION

### A. Standard for Appeal of Magistrate Judge Order

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Norguard Ins. Co. v. Serveon Inc., No. 08-900, 2011 WL 344076, at * 2 (D. Del. Jan. 28, 2011). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

**B. Attorney-Client Privilege**

"Evidentiary privileges are an exception to the general rule that relevant evidence is admissible." Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994).  Courts have historically recognized the importance of the attorney-client privilege because of its well established purpose of fostering full disclosure and communication between the attorney and client. Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981) ("The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. . . . Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client") (internal quotations and citations omitted).  Thus, to ensure that a client "remains free from apprehension that consultations with a legal adviser will be disclosed", Rhone-Poulenc Rorer Inc., 32 F.3d at 862, the privilege protects the communications from "compelled disclosure." In re Teleglobe Commc'ns Corp., 494 F.3d 345, 359 (3d Cir. 2007); *see* Klitzman, Klitzman and Gallagher v. Krut, 744 F.2d 955, 960 (3d Cir. 1984) ("It generally is acknowledged that the attorney-client privilege is so sacred and so compellingly important that the courts must, within their limits, guard it

jealously") (quoting Chore-Time Equipment, Inc. v. Big Dutchman, Inc., 255 F. Supp. 1020, 1021 (W.D. Mich. 1966)).  However, before this privilege applies, the party asserting it must prove that the communication was "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." In re Teleglobe Commc'ns Corp., 494 F.3d at 359.  Presently, the parties only dispute the fourth (4) element; that is, whether the purpose of the communication was to provide legal advice to Evonik.

An attorney furnishes legal advice when he provides an opinion of law, renders legal services or assists with a legal proceeding. Rhone-Poulenc Rorer Inc., 32 F.3d at 862; In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000).  Because the attorney-client privilege is narrowly construed, it "protects only those disclosures - necessary to obtain informed legal advice - which might not have been made absent the privilege." Fisher v. United States, 425 U.S. 391, 403 (1976).  In other words, communications between clients, unrelated to legal issues or advice, are not within the purview of the attorney-client privilege. *See* In re Gabapentin Patent Litigation, 214 F.R.D. 178, 186 (D.N.J. 2003) ("Including an attorney on the distribution list of an interoffice memo, Cc'ing numerous people who are ancillary to the discussion, one of whom happens to be an attorney, or forwarding an e-mail several times

until it reaches an attorney does not amount to 'attorney-client communication'"). Consequently, the privilege only applies when the "lawyer-to-client communications [] reveal, directly or indirectly, the substance of a confidential communication by the client." American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987).

After inspection of the four letters, the Court concludes that Magistrate Judge Schneider's decision was not clearly erroneous or contrary to law. Despite Evonik's characterization of the letters as routine communications only containing general and non-specific reminders of the duty of candor owed to the USPTO,[4] they contained legal advice from Evonik's patent counsel to Evonik. Specifically, the communications applied legal advice to the '528 and '145 patent applications.[5] Furthermore, any

---

[4] Pursuant to federal law, applicants for patents and their attorneys have a duty of candor, good faith and honesty in their dealings with the USPTO. 37 C.F.R. § 1.56(a). Included within this duty is the applicant's obligation "to submit truthful information and . . . disclose to the USPTO information known to patent applicants or their attorneys which is material to the examination of a patent application." Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc., 485 F. Supp. 2d 538, 544 (D. Del. 2007). Any failure to satisfy the duty of candor to the USPTO constitutes inequitable conduct and may result in serious consequences, including the unenforceability of a patent. Id.; see also Kingsdown Med. Consultants v. Hollister Inc., 863 F.2d 867, 877 (Fed. Cir. 1988) (noting that a patent applicants engagement in inequitable conduct with respect to one claim renders the entire patent application unenforceable).

[5] To the extent Evonik relies upon Ami/Rec-Pro, Inc. v. Illinois Tool Works, Inc. to support its claim, the Court finds that case neither binding or persuasive. Ami/Rec-Pro, Inc. v. Illinois Tool Works, Inc., No. 97-5409, 1998 WL 70607 (N.D. Ill. Feb. 11,

notion that this type of communications is a form of routine does not automatically render it non-privileged.  The Court must still examine the specific contents of the letters and determine whether they contained legal advice.

In the June 30, 2007 letter, for example, Evonik's counsel advised:

> Even though we filed a disclosure statement, please note that there is a continuing duty of disclosure as imposed under U.S. law to disclose all known prior art and other information that may be considered 'material to patentability.'  Copies of such information must be provided to the U.S. Patent and Trademark Office.[6]

Doc. 258, Exhibit F.  Noted in the RE: section was "U.S. Patent Application Serial No. 11/828,828." Id.  Thus, the letters informed Evonik of its general legal duty of candor, gave a modicum of legal advice in the sense that they urged compliance with that duty, and applied that duty by reference to the specific patent applications at issue.

We acknowledge that this is a close issue.  However, whatever decision this Court may have reached if it had been

---

1998).

[6] The other letters included similar statements: "Under the applicants' duty of disclosure under 37 CFR 1.56, it is advisable to Information Disclosure Statements . . . before the first Office Action is issued.  The duty of disclosure continues to apply throughout the prosecution. Accordingly, if prior art comes to your attention, please send us copies at you [sic] earliest convenience," Doc. 258, Exhibit D; "Additionally, if there is any material prior art that has not been made of record please let us know.  If so, it would be better to file a continuing application than to pay the issue fee in order to have the references of record." Id. at Exhibit E, G.

confronted with the issue *ab initio,* this Court applies, in the context of this appeal, a deferential standard.  We are not left with a "definite and firm conviction that a mistake has been committed" and conclude that the Magistrate Judge's decision that the letters contained legal advice was not clearly erroneous or contrary to law.

**III. CONCLUSION**

For the foregoing reasons, the Magistrate Judge Order is affirmed.  An appropriate Order will be entered.


Date: August 24, 2011                S/Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.