**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| : | |
| Evonik Degussa GmbH, : | |
| : | Civil Action Nos. |
| : | 09-cv-636 (NLH/JS) & |
| Plaintiff, : | 10-cv-200 (NLH/JS) |
| : | CONSOLIDATED |
| v. : | |
| : | |
| Materia Inc., *et al.*, : | **OPINION** |
| : | |
| : | |
| Defendants. : | |
|  | |
| : | |
| : | |
| Materia Inc., : | |
| : | |
| Counterclaim : | |
| Plaintiff, : | |
| : | |
| *and* : | |
| : | |
| University of New Orleans : | |
| Foundation *and* University of : | |
| New Orleans Research and : | |
| Technology Foundation, : | |
| Inc.'s, : | |
| : | |
| Third-Party : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| Evonik Degussa GmbH., : | |
| : | |
| Counterclaim : | |
| and : | |
| Third-Party : | |
| Defendant. : | |

**HILLMAN, United States District Judge:**[1]

Currently pending before the Court is Third-Party Plaintiffs University of New Orleans Foundation (hereinafter "UNOF") and University of New Orleans Research and Technology Foundation, Inc.'s (hereinafter "UNORTF") Motion to be Dropped as Parties. For the reasons that follow, the Motion shall be granted.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The full factual background of this case is familiar to all parties involved, and the Court therefore only discusses the facts relevant to the instant Motion.

In this consolidated patent action, Plaintiff and Third-Party Defendant Evonik Degussa GmbH (hereinafter "Evonik") asserts that Defendant and Counterclaim Plaintiff Materia, Inc. (hereinafter "Materia") willfully infringed upon U.S. Patent No. 7,378,528 ("the '528 Patent") and U.S. Patent No. 7,652,145 ("the '145 Patent"). Materia denies infringement, and counterclaims that Evonik's patents are invalid and unenforceable based on the doctrine of inequitable conduct. [Docket Nos. 48 & 166.] In its responsive pleadings, Materia, joined by UNOF as a third-party plaintiff, likewise counterclaims that Evonik willfully infringed upon U.S. Patent No. 7,622,590 ("the '590 Patent"). [Id.] UNOF joined Materia in the counterclaim on the basis that it was the sole owner of all rights, title, and interest related to the '590 Patent. [Docket No. 48 ¶ 221.] UNOF subsequently assigned all of its rights, title, and interest in the '590 Patent to UNORTF, and UNORTF was therefore also

---

[1]      United States District Court Judge for the District of New Jersey, sitting by designation.

joined as an additional third-party plaintiff to this action. [Docket No. 302.] In response to the counterclaim asserted against it by Materia, UNOF and UNORTF, Evonik counterclaims against them for invalidity and unenforceability of the '590 Patent, attorneys' fees pursuant to 35 U.S.C. § 285, and inequitable conduct. [Docket Nos. 85 & 362.] By way of stipulation, the parties subsequently agreed to the dismissal of Materia's counterclaims against Evonik based on inequitable conduct. [Docket No. 409.]

Thereafter, on January 27, 2012, UNORTF assigned all of its rights, title, and interest in the '590 Patent to Materia. [Docket No. 402, Decl. of David R. Lipson, Esq. ("Lipson Decl."), Ex. A.][2] As such, UNOF and UNORTF no longer have any rights, title, or interest in the '590 Patent at this point in time. On this basis, UNOF and UNORTF filed a Motion to be Dropped as Parties from this dispute pursuant to Federal Rule of Civil Procedure 21 on December 27, 2012. [Docket Nos. 400-403.] Evonik responded in opposition on January 14, 2013 [Docket Nos. 407 & 408], and UNOF and UNORTF replied on January 25, 2013. [Docket No. 413.] Accordingly, the Motion is now ripe for review.

## II.   JURISDICTION

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (federal jurisdiction relating to patents).

## III. DISCUSSION

---

[2]   This document was filed under seal and is deemed highly confidential. Accordingly, the Court does not provide specifics in its citation.

Rule 21 of the Federal Civil Rules governs the "misjoinder and nonjoinder of parties," and provides as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Although its caption indicates that the rule is a mechanism to remedy the improper joinder of or failure to join a party, "'the courts agree that the Rule may apply even in the absence of misjoinder or nonjoinder.'" Joseph v. Baxter Intn'l Inc., 614 F.Supp.2d 868, 874 (N.D. Oh. 2009)(quoting 4A Matthew Bender, Moore's Federal Practice § 21.05 (2d ed.)). Indeed, "[t]he application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party-joinder provisions in the federal rules." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1682 (3d ed. 2001). For example, Rule 21 has commonly been invoked to preserve federal court diversity jurisdiction by dropping non-diverse parties when their presence in suit is not required, or to cure a venue defect by severing a claim asserted against a party as to whom venue is improper. Id.; see also Route 27, LLC v. Getty Petro. Mktg., Inc., No.Civ.A.10-3080, 2011 WL 1256618, at *9 (D.N.J. Mar. 30, 2011)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989); Balgowan v. State of N.J., 115 F.3d 214, 217 (3d Cir. 1997))(Rule 21 invoked for purpose of dropping non-diverse party from suit); Archway Ins. Servs., LLC v. Harris,

4

No.Civ.A.10-5867, 2011 WL 2415168, at *4-6 (E.D. Pa. June 15, 2011)(Rule 21 invoked to cure venue defect).

Moreover, the text of Rule 21 is noticeably silent as to what precisely constitutes the "misjoinder" or "nonjoinder" of a party.  It has previously been recognized that misjoinder is present if no relief is demanded from one or more of the parties joined as defendants. Wright & Miller, Fed. Prac. & Proc. § 1683.  Misjoinder has likewise been found when "one of several plaintiffs does not seek any relief against [a] defendant and is without any real interest in the controversy."  Id.  Similarly, "if a litigant is neither a proper nor an indispensable party, dismissal for misjoinder pursuant to Rule 21 is appropriate."  Biovail Labs., Inc. v. TorPharm, Inc., No.Civ.A.01C9008, 2002 WL 31687610, at *1 (N.D. Ill. Nov. 26, 2002)(citing Proctor & Gamble Co. v. Kimberly-Clark Corp., 684 F.Supp. 1403, 1407 (N.D. Tex. 1987)).

At least one federal court has held that a party's assignment of its interest in the patent-in-suit to another party nullifies its status as an indispensable party, and the assigning party is therefore dismissible from suit pursuant to Rule 21.  See Biovail, 2002 WL 31687610 at *2.  In Biovail, pharmaceutical company TWFC, Inc. obtained a patent on its invented technology.  Id. at *1.  TWFC subsequently entered into an assignment agreement with Biovail, pursuant to which TWFC would relinquish all rights, titles, and interest that it held in the patent, and Biovail would obtain the rights to the patent.  Id.  However, before Biovail became the rightful owner of the patent, TWFC filed a patent infringement action

against TorPharm.  Id.  Since Biovail had not yet acquired ownership
of the patent prior to the commencement of suit, TWFC was joined as a
plaintiff in the patent infringement action.  Id.  Less than two
months later, however, the assignment agreement was fully executed and
Biovail became the rightful owner of the patent-in-suit.  Id.  TWFC
therefore moved to be dismissed from suit under Rule 21 on the premise
that the assignment of its interest in the patent-in-suit nullified
its status as an indispensable party.  Id. at *2.  The court agreed,
finding that TWFC no longer maintained a sufficient interest to
justify its continuing presence as a co-plaintiff in the case as a
result of the complete assignment: "we conclude that TWFC did not
retain any meaningful interest in the patents-in-suit following the
assignment agreement and that the intended effect of the agreement was
for TWFC to transfer the entire bundle of its rights in the patents to
Biovail.  Therefore, TWFC is not an indispensable or necessary party
to this lawsuit and it should be dismissed."  Id.

     The situation at hand is directly comparable to the one faced by
our fellow district court in Biovail.  Both cases involve the complete
assignment of rights and responsibilities in a patent to another party
already involved in the litigation.  Therefore, adopting the reasoning
of the Biovail Court and applying it here, it is clear that UNOF and
UNORTF no longer have a stake in the underlying infringement suit
between Evonik and Materia.  Indeed, '"in the event of a complete
assignment of title to a patent, only the assignee of the patent or
the assignee's exclusive licensee has standing to claim protection
rights under the patent.'"  Id. at *1 (quoting Gilson v. Rep. of

Ireland, 606 F.Supp. 38, 41 (D.D.C. 1984); citing Waterman v. MacKenzie, 138 U.S. 252, 255 (1891); Michod v. Walker Magnetics Grp., Inc., 115 F.R.D. 345, 346 (N.D. Ill. 1987)).  As such, UNOF and UNORTF no longer maintain a sufficient interest in this case to justify their continuing presence.  Therefore, since they are no longer indispensable or necessary parties to this dispute, their dismissal from suit is appropriate under these circumstances.

Despite the complete transfer of UNOF and UNORTF's rights and interest to Materia, Evonik argues it would be severely prejudiced if UNOF and UNORTF were dismissed from suit because this would inhibit discovery, raise substantial evidentiary issues, and prevent Evonik from potentially obtaining attorneys' fees owed to them.

The Court first addresses Evonik's concern related to discovery. UNOF and UNORTF have been parties in this litigation since 2010 and 2011, respectively.  Discovery has been ongoing since at least that time, and, as proffered by UNOF and UNORTF, a great deal of information related to their role in the '590 Patent litigation has already been turned over to date.  It is true, however, that the discovery process remains ongoing and that the Magistrate Judge assigned to this case has deferred the resolution of certain discovery disputes pending this Court's release of a Markman ruling, which was just recently issued.  However, incomplete discovery is not a sufficient basis for keeping an otherwise unnecessary and uninterested party tethered to a suit in which it has no stake.  The Biovail Court, in fact, also dealt with a similar issue, and indicated that it was "uncomfortable with the idea of keeping [a party] in this case only to

facilitate [the opposing party's] discovery inquiries." Biovail, 2002 WL 31687610 at *3.  The Biovail Court further recognized that the party's dismissal from suit would not completely thwart its opponent's discovery, as the necessary information could be obtained through alternative means.  Id.  This Court shares this sentiment.  The Court also agrees with the Biovail Court's reasoning with respect to future discovery under the assumption that Evonik will not be ultimately frustrated in obtaining any information it remains entitled to discover.  Although disclosure of certain information may no longer be automatic when UNOF and UNORTF cease to be parties, Evonik may still pursue and obtain this discovery through alternative means, such as a subpoena.  Furthermore, the Court notes that the assignment agreement entered into between Materia and UNOF and UNORTF appears to indicate that Materia will be responsible for and comply with any discovery requests related to UNOF and UNORTF's relation to the '590 Patent. [See e.g. Lipson Decl., Ex. A ¶¶ 2.5.2, 2.11.][3]  As such, even if UNOF and UNORTF are no longer parties to this dispute, Evonik should still be sufficiently able to obtain any discovery it may need from them.

Evonik also alleges that UNOF and UNORTF's dismissal from suit would raise serious evidentiary concerns down the road at trial.  To be sure, this case is still in the relatively early stages of proceedings, and any potential trial is a considerably long way off. Indeed, the parties have not even engaged in summary judgment motions

---

[3]     Since the assignment agreement entered into between UNOF and UNORTF and Materia is deemed highly confidential and was filed under seal, the Court merely directs the parties to the applicable provisions of the agreement and does not cite to specific language contained therein.

practice and a <u>Markman</u> Opinion was just recently issued.  As such,

Evonik's argument premised upon evidentiary issues at trial is

speculative.  Moreover, much as with Evonik's discovery argument, it

would be nonsensical to keep a party in suit merely because its

adversary may, at some unknown point in the future, possibly attempt

to use some type of unidentified evidence at a potential future trial.

Such an argument is an insufficient basis to keep UNOF and UNORTF

anchored in the harbor of litigation.

Evonik's primary argument for maintaining UNOF and UNORTF as

parties in this litigation is premised upon its potential right to

attorneys' fees under 35 U.S.C. § 285.  More specifically, Evonik

argues that UNOF and UNORTF presently seek dismissal because they do

not want to be responsible for paying Evonik's attorneys' fees at the

conclusion of this litigation.  Evonik further avers that, if the

Court grants UNOF and UNORTF's request to be dismissed from suit, it

will be "severely prejudiced" as a result.

Section 285 of Title 35 states in its entirety as follows: "[t]he

court in exceptional cases may award reasonable attorney fees to the

prevailing party."  35 U.S.C. § 285.  An award of fees under this

statutory section is "designed to compensate the prevailing party for

its monetary outlays in the prosecution or defense of the suit where

it would be grossly unjust that the winner be left to bear the burden

of his own counsel which prevailing litigants normally bear."  <u>Samsung</u>

<u>Elec. Co., Ltd. v. Rambus, Inc.</u>, 440 F.Supp.2d 512, 518 (E.D. Va.

2006)(citing <u>Central Soya Co. v. Geo. A. Hormel & Co.</u>, 723 F.2d 1573,

1578 (Fed. Cir. 1983); <u>Badalamenti v. Dunham's Inc.</u>, 896 F.2d 1359,

1364 (Fed. Cir. 1990); J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d
1047, 1052 (Fed.Cir.1987))(internal quotation marks omitted).
Moreover, "§ 285 is designed to deter parties from bringing or
prosecuting bad faith litigation, [which] of course, protects
litigants, the courts, and the judicial process from abuse." Samsung,
440 F.Supp.2d at 518 (citing Mathis v. Spears, 857 F.2d 749, 754 (Fed.
Cir. 1988)).

As the basis of its argument, Evonik relies on a series of cases
which it alleges stands for the proposition that a court can retain
independent jurisdiction over a request for attorneys' fees pursuant
to § 285. See Monsanto Co. v. Bayer Biosciences N.V., 514 F.3d 1229
(Fed. Cir. 2008); Highway Equip. Co., Inc. v. FECO, Ltd., 469 F.3d
1027 (Fed. Cir. 2006); Crimson Trace Corp. v. Lasermax, Inc.,
No.Civ.A.09-57-HA, 2010 WL 797667, at *3 (D. Or. Mar. 2, 2010);
Nilssen v. Osram Sylvania, Inc., 504 F.3d 1223, 1229-30 (Fed. Cir.
2007). This argument, however, is illusory and not yet ripe for
review. As indicated by its statutory text, the recovery of
attorneys' fees under § 285 is two-step process: (1) first, the party
must prevail in the underlying dispute, and (2) second, the case must
be considered "exceptional." At this point in time, Evonik has not
prevailed in the underlying dispute. Even assuming it could and would
prevail, however, Evonik has nonetheless failed to show the Court how
its case qualifies as one that is "exceptional" under the statute. It
has previously been recognized that "exceptional cases" are "limited
to circumstances in which it is necessary to prevent a gross injustice
[and] . . . when the patentee has procured the patent . . . or has

litigated its claim of infringement in bad faith.  Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if both the litigation is brought in subjective bad faith and the litigation is objectively baseless." <u>Crimson</u>, 2010 WL 797667 at *3 (internal citations & quotation marks omitted). Evonik does not allege that UNOF and UNORTF engaged in bad faith or baseless litigation, nor has it indicated how it has supposedly suffered a severe injustice under the present circumstances.  As such, not only has Evonik put the cart in front of the horse by prematurely jumping to the conclusion that it would, in fact, prevail in this litigation, but has likewise presupposed that its case would meet the requirements of an "exceptional" one as prescribed by the law.  Its argument based on § 285, therefore, is entirely speculative and, at best, premature.

Moreover, even if Evonik could prevail on its argument for attorneys' fees, this is still not a reason to keep UNOF and UNORTF in this litigation.  More specifically, should Evonik prevail and be entitled to a fee award under § 285, it could obtain any such award from Materia.  Indeed, the text of the assignment agreement entered into between UNOF and UNORTF and Materia appears to indicate that Materia would assume responsibility for the payment of such fees. [<u>See</u> Lipson Decl., Ex. A ¶¶ 1.3, 2.5.2.][4]  While Evonik may prefer multiple targets of such an application, the record indicates that Evonik's argument on these grounds appears to be largely premised upon

---

[4]     As previously indicated, <u>supra</u>, the Court merely directs the parties to the applicable provisions of the agreement and does not cite to specific language contained therein since the assignment contract is deemed highly confidential and was filed under seal.

Materia's potential entry into the realm of Chapter 11 bankruptcy.  In reading between the lines of Evonik's argument, it is apparent that Evonik would prefer to pursue a solvent party — *i.e.*, UNOF and UNORTF — for its attorneys' fees to enable a faster resolution, rather than attempt to obtain such an award from a debtor that must satisfy its other creditors and is subject to the protraction and uncertainty of bankruptcy.  The Court cannot, however, keep UNOF and UNORTF tethered as parties solely for the purpose of affording their adversary leeway in deciding how to obtain a speculative award for attorneys' fees – an award that is ultimately up to the Court in accordance with the statute.  See <u>Samsung</u>, 398 F.Supp.2d at 480 (citing <u>S-1 v. Spangler</u>, 832 F.2d 294, 298 (4th Cir. 1987))("[T]he court retained jurisdiction to decide whether and in what amounts attorneys['] fees should be recoverable[.]")(internal quotation marks & further citation omitted).  Absent some indication of fraud or bad faith, a party's filing for bankruptcy cannot serve as a legitimate reason to avoid the legal consequences of an otherwise properly executed assignment agreement.  Indeed, Materia has not even entered bankruptcy at this point in time, nor is there any evidence present in the record to indicate that it will definitively do so.  However, even if Materia does ultimately file for bankruptcy, Evonik will still be able to obtain any fee award that it may be entitled to from Materia, albeit being subject to the priority system of bankruptcy.  As such, Evonik would not suffer the "severe prejudice" it claims would occur if UNOF and UNORTF were to be dropped from this litigation.

**IV.   CONCLUSION**

In light of the foregoing reasons, UNOF and UNORTF's Motion to be Dropped as Parties from this litigation pursuant to Rule 21 shall be granted.  UNOF and UNORTF shall therefore be dismissed as third-party plaintiffs in this action.

An appropriate Order follows.


                                        s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.