# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| Evonik Degussa GmbH, | : | |
| | : | Civil Action No. |
| | : | 09-cv-636 (NLH/JS) |
| Plaintiff, | : | (consolidated with |
| v. | : | 10-cv-200) |
| | : | |
| Materia Inc., | : | **OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Eric James Evain, Esquire
R. Eric Hutz, Esquire
Rudolf E. Hutz, Esquire
Novak Druce Connolly Bove Quigg LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899

   *Counsel for Evonik Degussa GmbH*

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899

   *and*

Aaron M. Raphael, Esquire
David R. Lipson, Esquire
Jeffrey A. Lindeman, Esquire
J.A. Lindeman & Co. PLLC
3190 Fairview Park Drive
Suite 480
Falls Church, Virginia 22042

*and*

Jason C. Kravitz, Esquire
Gina McCreadie, Esquire
Michelle A. Flores, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

*and*

Richard D. Rochford, Jr., Esquire
30 Rockefeller Plaza
26th Floor
New York, New York 10112

*Counsel for Materia Inc.*

**HILLMAN, District Judge**:[1]

Presently before the Court is a motion filed by Evonik Degussa GmbH ("Evonik") for reconsideration of the Court's ruling, as set forth in an Opinion and Order dated June 30, 2014, that Materia Inc.'s ("Materia") § 112 validity challenges to the '145 patent claims are not barred by the doctrine of collateral estoppel. By Order dated March 31, 2015, the Court granted Evonik's motion to the extent that Evonik asked the Court to reconsider certain findings, and the Court has now considered the issues raised in such motion. For the reasons expressed at the hearing on May 14, 2015, and as explained below, the Court will deny without prejudice Evonik's request

---

[1] United States District Court Judge for the District of New Jersey, sitting by designation.

that the Court find that Materia is precluded from raising § 112 validity challenges to the '145 patent claims.

## I. **Standard for Motion for Reconsideration**

In the District of Delaware, motions for reconsideration are governed by Local Civil Rule 7.1.5. Motions for reconsideration should be granted "sparingly" and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. See Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991), aff'd, 22 F.3d 303 (3d Cir. 1994), cert. denied, 513 U.S. 1084 (1995); Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Grounds for granting a motion for reconsideration occur "where the Court has patently misunderstood a party, . . . [where the Court] has made a decision outside the adversarial issues presented to the Court by the parties, . . . or [where the Court] has made an error not of reasoning but of apprehension[.]" Schering Corp. v. Amgen, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990)).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or

3

to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Even when one or more of these conditions are satisfied, the Court may deny the motion if it would not alter the outcome.  See Becton Dickinson & Co. v. Tyco Healthcare Group LP, No. Civ. A. 02-1694, 2006 WL 890995, at *2 (D. Del. Mar. 31, 2006).

**II.  Evonik's Motion for Reconsideration**

In its previous opinion, Evonik Degussa GmbH v. Materia Inc., 53 F. Supp. 2d 778, 787 (D. Del. 2014), the Court noted that the Court of Appeals for the Third Circuit and the Court of Appeals for the Federal Circuit both impose four requirements to support a finding of collateral estoppel, also known as issue preclusion.  These requirements are: "(1) the issue must be identical to an issue previously adjudicated; (2) the issue must have been actually litigated; (3) the determination of the issue must have been necessary to the prior judgment; and (4) the party against whom preclusion is now asserted must have had a full and fair opportunity to litigate the issue."  Id. (citing Henglein v. Colt Indus., 260 F.3d 201, 209 (3d Cir. 2001); In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994)).  The Court found that Evonik did not meet the first and second elements of issue preclusion regarding

validity under 35 U.S.C. § 112. Id. at 791-92. Specifically, the Court found that Evonik had not met the first two elements because the scope of the patent claims asserted in this litigation are broader than those that were asserted in the prior Interference proceeding. Id. at 791.

Evonik now requests partial reconsideration of the Court's ruling on grounds of error of fact. Specifically, Evonik seeks reconsideration of the Court's statement in its Opinion that "'t[h]e '145 and '528 Patents in this litigation concern NHC with and without a double bond.'" (Evonik's Mem. in Supp. of its Mot. for Partial Reconsideration of the Court's Ruling on Partial Summ. J. [Doc. No. 533] 1.) Evonik asserts that while that is a correct statement regarding the scope of the '528 patent claims, it is not correct with regard to the '145 patent claims. (Id.) Evonik contends that all of the claims in the '145 patent are limited to NHCs of formula II, and that all such NHCs contain a double bond. (Id. at 1-2.) Evonik then argues that the factual error altered the disposition of whether issue preclusion applies to Materia's § 112 defenses concerning validity of the '145 patent, because the claims that Materia challenged in the Interference were directed to catalyst complexes containing NHC ligands of formula II, III, IV, and V, and Materia therefore purportedly challenged in the

5

Interference catalysts having the same ligands that are claimed in the '145 patent (i.e., NHC ligands of formula II). (Id. at 5.)

Materia agrees with Evonik that "the $L^1$ substituent of the complex recited in the '145 Patent is limited to an NHC of formula II, which contains a double bond." (Materia's Opp. to Evonik's Mot. for Partial Reconsideration [Doc. No. 537] (hereafter, "Materia's Opp. Br.") 1.) Therefore, Evonik has presented valid grounds -- error of fact -- for reconsideration. Having determined that all of the claims in the '145 patent are limited to NHCs of formula II, and that all such NHCs contain a double bond, the issue is whether correction of this error warrants a different conclusion on Evonik's summary judgment motion.

In its earlier Opinion, the Court concluded that Evonik's claims for the '145 and '528 patents in this litigation recite broader subject matter than the counts in the Interference. Evonik, 53 F. Supp. 3d at 789. Finding that Materia's § 112 validity challenges during the Interference covered catalysts having the same NHC ligands that are claimed in the '145 patent, the Court agrees that the scope of the claims in this litigation are less broad than originally considered. However, the issue remains whether Evonik has met its burden of showing that the validity issue before this Court is identical to what was decided

6

in the Interference proceeding. Although there is some overlap, Evonik has not shown at this time, even considering the narrower scope of the claims after correcting the factual error regarding the '145 patent, that Materia should be barred from challenging the patentability of Evonik's claims based on § 112.

Materia argues that even setting aside the scope of the claims concerning the $L^1$ substituent of the claimed complex, Evonik's claims of the '145 patent are nonetheless broader than the counts that were pending during the Interference. In this regard, Materia focuses on the claims concerning the $R^1$ and $R^2$ substituents of the '145 patent, specifically contending that Evonik's claims pending during the Interference recited that the $R^1$ and $R^2$ substituents of the claimed complex "contain" a ring, whereas the language in the '145 patent recites that these substituents may "form" a ring. (Materia's Opp. Br. 4.) According to Materia, "containing" a ring and "forming" a ring are materially different. (Id.) Materia asserts that it could not have raised an argument during the Interference regarding Evonik's claim that $R^1$ and $R^2$ "form a ring" because such language was not added until after the Interference. (Id. at 6.)

The Court recognized Materia's argument concerning the $R^1$ and $R^2$ substituents in a footnote its initial Opinion, noting that "to

7

the extent" such argument could be construed as a claim construction challenge, it was untimely. Evonik, 53 F. Supp. 3d at 789 n.14. Subsequent to the issuance of the Opinion, Materia filed a summary judgment motion [Doc. No. 561] on the issue of whether the '528 and '145 patents are invalid under § 112, because the inventions claimed therein claim a complex in which the $R^1$ and $R^2$ substituents "form a ring," when their respective patent specifications are limited to a complex in which the $R^1$ and $R^2$ substiutents "have" or "contain" a ring. (Materia, Inc.'s Opening Br. in Supp. of its Mot. for Summ. J. of Invalidity of U.S. Patent Nos. 7,378,528 and 7,652,145 Due to Lack of Written Description Support for "Form a Ring" [Doc. No. 562] 1.) In opposition, Evonik argues, among other things, that the Court -- in the footnote of its prior Opinion -- already ruled on Materia's contention. (Evonik's Mem. in Opp. to Materia's Mot. for Summ. J. of Invalidity of U.S. Patent Nos. 7,378,528 and 7,652,145 Due to Alleged Lack of Written Description Support for "Form a Ring" [Doc. No. 590] 1.)

    The Court did not intend through its footnote to resolve an issue an important as whether Evonik's revision of language concerning the $R^1$ and $R^2$ substituents was a material, significant and substantial change or was merely a clarification of the

original language.  In the footnote, the Court only rejected Materia's argument to the extent it was a claim construction challenge.  As is evident from the subsequently-filed summary judgment motion, Materia's argument concerning the $R^1$ and $R^2$ substituents goes to the issue of invalidity under § 112, and not the issue of claim construction.

The Court finds that at this time it cannot resolve the issue of whether Materia is barred from raising a § 112 defense concerning the '145 patent, as such issue is intertwined with the pending summary judgment motion on the issue of whether the phrase "form" a ring is materially different from the language "contain" a ring.  If the Court determines that there is a material difference between these descriptions, then the claims that were at issue in the Interference would be different than those currently at issue in this patent action, and Materia would not be barred from raising a § 112 defense under the doctrine of issue preclusion.  By contrast, if the Court determines that the change in language was merely a clarification, then the scope of the claims of the '145 patent pending during the Interference would be the same as the scope of the claims here, thus precluding Materia from raising a § 112 defense in this case.  Given that the materiality of the change in descriptive language is directly

9

related to the scope of claims, the Court will defer its decision on the issue of collateral estoppel until it resolves the summary judgment motion [Doc. No. 561].

## III. **Conclusion**

Having reconsidered Evonik's argument and Materia's opposition, the Court finds that Evonik has not met its burden of proving that the claims in this litigation are identical to what was presented during the Interference proceeding. The Court therefore will deny without prejudice Evonik's request that the Court find that Materia is precluded from raising § 112 validity challenges to the '145 patent. The issue of collateral estoppel will be addressed at the time the Court decides the pending summary judgment motion concerning whether the language "form a ring" is materially different from the phrases "contain a ring" or "have a ring."

An Order will be filed consistent with this Opinion.

                                        s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

Dated: May 15, 2015

At Camden, New Jersey