**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EVONIK DEGUSSA GMBH,<br><br>Plaintiff,<br>v.<br><br>MATERIA, INC.,<br><br>Defendant. | Civ. No. 09-636 (NLH/JS)<br><br>**OPINION** |

**APPEARANCES:**

REED SMITH LLP
By: Eric J. Evain, Esq.
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Counsel for Plaintiff

MORRIS, NICHOLS, ARSHT & TUNNELL
By: Jack B. Blumenfeld, Esq.
Thomas C. Grimm, Esq.
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

and

NIXON PEABODY
By: Jason C. Kravitz, Esq.
Gina M. McCreadie, Esq.
100 Summer Street
Boston, Massachusetts 02110
Counsel for Defendant

**HILLMAN**, District Judge:

Plaintiff Evonik appeals Magistrate Judge Schneider's order granting in part and denying in part Evonik's Motion for Sanctions and Relief Due to Spoliation. For the reasons stated herein, the order will be affirmed in its entirety.

**I.**

Evonik arguably won the motion that is the subject of this appeal insofar as Judge Schneider did sanction Materia for belatedly producing one particular email and other documents. Where Evonik disagrees with Judge Schneider, however, is the seriousness of Materia's failure, and Evonik therefore argues that the sanction imposed was too lenient.

The crux of Judge Schneider's decision was his rejection of Evonik's assertions that Materia or its attorneys acted in bad faith. In particular, Judge Schneider stated in his oral opinion, "[t]he Court simply does not believe [that] defense counsel deliberately withheld a relevant document, defense counsel manipulated their firm's computer system to remove the subject e-mail, and Nolan perjured himself in his March 16, 2016 Declaration. Plaintiff's conspiracy theory is simply too far-fetched for the Court to credit." (Transcript, p. 10)

However, Judge Schneider did conclude that, while not done in bad faith, Materia's "discovery conduct [with regard to the specific issues presented in the motion] leaves a lot to be

desired." (Transcript, p. 13) Judge Schneider observed that Materia should have, on more than one occasion, reviewed its production for completeness, and did not. Accordingly, Judge Schneider held that Materia violated Fed. R. Civ. P. 26(g), and awarded Evonik attorneys fees it incurred due to the late production and allowed Evonik additional discovery.

Evonik now argues it is entitled to more. Specifically, Evonik argues that Judge Schneider should have ruled that: (a) the belatedly produced documents could not be used by Materia at trial, and (b) Evonik is entitled to an adverse inference jury instruction.

**II.**

A district court judge will only reverse a magistrate judge's decision on pretrial matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

**III.**

Evonik asserts that Judge Schneider made three specific errors.

First, it asserts that Judge Schneider "converted" Evonik's spoliation motion into a discovery motion under Rule 37, and then argues that Rule 37 requires-- as opposed to permits-- the Court to preclude Materia from relying on the belatedly-produced

documents at trial. The undersigned rejects the premise of this argument.

There is no basis in the record for concluding that Judge Schneider "converted" the motion. He did not. He rejected Evonik's spoliation argument because spoliation requires a finding of bad faith, and then very clearly imposed sanctions pursuant to Fed. R. Civ. P. 26, not Fed. R. Civ. P. 37.

Second, Evonik asserts that Magistrate Judge Schneider erred when he stated that a subpoena is not a Court order. (See Transcript, p. 16) This argument fails because, even assuming *arguendo* that Judge Schneider misstated the law as to this discreet issue, such conclusion was not integral to the judge's decision. Even if Materia did violate a subpoena / court order when it failed to produce all responsive documents, the fundamental point remains that Judge Schneider found that the violation was not willful, nor in bad faith, but rather inadvertent.

Lastly, Evonik reasserts the arguments it made before Magistrate Judge Schneider that Materia's conduct evidences bad faith. Judge Schneider addressed this argument, considered all of the record evidence, and concluded that there was insufficient evidence to support Evonik's "conspiracy theory." (Transcript, p. 10) Judge Schneider's findings in this regard were not clearly erroneous.

**IV.**

For the foregoing reasons, Magistrate Judge Schneider's Order of May 20, 2016 will be affirmed.

An appropriate order accompanies this opinion.

Dated: December 14, 2016
At Camden, New Jersey

___s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.